THIS ORDER IS A
PRECEDENT OF
THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

J. Krisp

March 5, 2021

Cancellation No. 92074232

*DrDisabilityQuotes.com, LLC*

*v.*

*Charles Krugh*

**By the Board:**

This proceeding is before the Board for consideration of Respondent Charles Krugh's August 26, 2020 motion to dismiss counts three and four of the petition to cancel.[1] The motion is fully briefed.

**Notice of Default**

Before discussing Respondent's motion to dismiss, we first must determine whether to set aside the notice of default against Respondent or instead to enter a judgment of default. Respondent's answer to the petition to cancel was due July 23, 2020. *See* 5, 6 TTABVUE. Respondent responded a day late, on July 24, 2020, filing

---

[1] Respondent's August 26, 2020 motion to dismiss supersedes his untimely July 24, 2020 motion to dismiss wherein he moved to dismiss the petition in its entirety. The motion has been narrowed to challenge only counts two, three and four. 11 TTABVUE. Inasmuch as Petitioner informed the Board in its brief that it voluntarily withdraws count two (14 TTABVUE 3), the Board adjudicates the August 26, 2020 motion to dismiss with respect to counts three and four only.

a motion under Fed. R. Civ. P. 12(b)(6) to dismiss counts 2-4 of the petition for failure to state a claim.[2] 7 TTABVUE. On July 27, 2020, the Board issued a notice of default, allowing Respondent time to show cause why judgment by default should not be entered against it. 8 TTABVUE. On August 26, 2020, Respondent filed a timely response, namely, a motion to set aside the notice of default. 10 TTABVUE 2. Respondent concurrently filed another motion to dismiss counts 2-4. 11 TTABVUE.

Upon review of the response and detailed explanation Respondent provided in its motion to set aside the notice of default, the Board finds that the one-day tardiness in filing the July 24, 2020 motion to dismiss (in lieu of filing an answer to the petition to cancel) was not the result of willful conduct or gross neglect on Respondent's part. *See* 10 TTABVUE 4. Moreover, we find that Petitioner DrDisabilityQuotes.com, LLC, will not be substantially prejudiced by the relatively brief delay, and that Respondent has a meritorious defense to Petitioner's claims.[3] *See*; *DeLorme Publ'g Co v. Eartha's Inc.*, 60 USPQ2d 1222, 1224 (TTAB 2000). TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 312.02 (2020).

In view thereof, the Board's notice of default is set aside, and judgment by default will not be entered against Respondent on the basis of his technical default. Fed. R. Civ. P. 55(c).

---

[2] The Federal Rules cited herein are applicable to Board inter partes proceedings by operation of Trademark Rule 2.116(a).

[3] In this context, the requirement of a "meritorious defense" assesses only whether the stated defense would, if proven at trial, provide a valid defense to one or more claims.

**Motion to Dismiss**

  **A. Background**

Respondent's subject registrations, registered for "insurance brokerage in the fields of disability and life insurance" in International Class 36, are:

1) Registration No. 3085018, registered on April 25, 2006 and issued from a Trademark Act Section 1(a), 15 U.S.C. § 1051(a) use-based application filed on March 31, 2005, for the mark DOCTOR DISABILITY and design, as shown below, with DOCTOR DISABILITY disclaimed ("Stethoscope Mark");



  and

2) Registration No. 5744284, registered on May 7, 2019 and issued from a Trademark Act Section 1(a) use-based application filed on August 29, 2018, for the standard character mark DOCTOR DISABILITY, with a claim of acquired distinctiveness under Trademark Act Section 2(f), 15 U.S.C. § 1052(f),[4] with DISABILITY disclaimed ("Doctor Disability Mark"), and claiming a date of first use anywhere and date of first use in commerce of February 5, 2004. In the underlying application, Respondent included the following statements:

> The mark has become distinctive of the goods/services as evidenced by the ownership on the Principal Register for the same mark for sufficiently similar goods/services of active U.S. Registration No(s). 3085018.

> The mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement.

---

[4] Section 2(f) states, in pertinent part:

The Director may accept as prima facie evidence that the mark has become distinctive, as used on or in connection with the applicant's goods in commerce, proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years before the date on which the claim of distinctiveness is made.

In counts three and four of the petition to cancel, Petitioner seeks to cancel Registration No. 5744284 on the grounds of fraud on the USPTO, and likelihood of confusion pursuant to Trademark Act Section 2(d), 15 U.S.C. § 1052(d), respectively. 1 TTABVUE 10-14.

In lieu of filing an answer to the petition, Respondent filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss counts three and four for failure to state a claim upon which relief can be granted. 11 TTABVUE.

## B. Standard on Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the allegations in a complaint. *See Lewis Silkin LLP v. Firebrand LLC*, 129 USPQ2d 1015, 1016 (TTAB 2018); *Order of Sons of Italy in Am. v. Profumi Fratelli Nostra AG*, 36 USPQ2d 1221, 1222 (TTAB 1995); TBMP § 503.01. To state a claim upon which relief can be granted, and thus survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Petitioner need only allege facts which, if proved, would establish that it has 1) an entitlement to a statutory cause of action under Trademark Act Section 14,[5] and 2) a valid statutory ground exists for cancelling the subject registration. *See Young v. AGB Corp.*, 152 F.3d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998); *Fair Indigo LLC v. Style Conscience*, 85 USPQ2d 1536, 1538 (TTAB 2007).

---

[5] Board decisions have previously analyzed the requirements of Sections 13 and 14 of the Trademark Act, 15 U.S.C. §§ 1063-64, under the rubric of "standing." Despite the change in nomenclature, our prior decisions and those of the Federal Circuit interpreting Section 13 and 14 remain applicable. *See Spanishtown Enters., Inc. v. Transcend Resources, Inc.*, 2020 USPQ2d 11388, at *2 (TTAB 2020).

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule does not require detailed factual allegations, but requires more than labels, conclusions, formulaic recitations of the elements of a cause of action, or naked assertions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Lewis Silkin LLP v. Firebrand LLC*, 129 USPQ2d at 1016; TBMP § 309.03(a)(2). In the context of Board inter partes proceedings, a plaintiff need only allege enough factual matter to suggest that its claim is plausible and to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. Under the simplified notice pleading rules of the Federal Rules of Civil Procedure, the allegations of a complaint should be "construed as to do substantial justice." *See Scotch Whisky Ass'n v. U.S. Distilled Prods. Co.*, 952 F.2d 1317, 21 USPQ2d 1145, 1147 (Fed. Cir. 1991); *Corporacion Habanos SA v. Rodriguez*, 99 USPQ2d 1873, 1874 (TTAB 2011). Additionally, as discussed in more detail below, a claim of fraud in the procurement of a registration requires the circumstances constituting fraud to be alleged "with particularity." Fed. R. Civ. P. 9(b).

**C. Entitlement to a Statutory Cause of Action**

Entitlement to a statutory cause of action is a threshold issue in every inter partes case. *See Australian Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 2020 USPQ2d 10837, at *3 (Fed. Cir. 2020) (citing *Lexmark Int'l, Inc. v.*

*Static Control Components, Inc.*, 572 U.S. 118, 109 USPQ2d 2061, 2067 n.4 (2014)). In Board inter partes proceedings, to sufficiently plead entitlement to a statutory cause of action under Trademark Act Section 14, a plaintiff must allege that cancellation of the registration is within the zone of interests protected by the statute and that the plaintiff has a reasonable belief of damage proximately caused by continued registration of the mark. *Peterson v. Awshucks SC, LLC*, 2020 USPQ2d 11526, at *5 (TTAB 2020). *See also Corcamore, LLC v. SFM, LLC,* 978 F.3d 1298, 2020 USPQ2d 11277, at *6-7 (Fed. Cir. 2020); *Australian Therapeutic*, 2020 USPQ2d 10837 at *3; *Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058 (Fed. Cir. 2014); *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 101 USPQ2d 1713, 1727 (Fed. Cir. 2012); *Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1025 (Fed. Cir. 1999).

In the petition to cancel, Petitioner alleges matters pertaining to its business, including common law rights in the mark DrDisabilityQuotes.com. Petitioner essentially alleges that it is a competitor of Respondent in that it offers the same services in the disability and life insurance industry, Petitioner has pleaded facts that, if proven, would establish its entitlement to a statutory cause of action. *See Alcatraz Media Inc. v. Chesapeake Marine Tours Inc.*, 107 USPQ2d 1750, 1760-61 (TTAB 2013) (petitioner established and respondent admitted that petitioner is a competitor using the term at issue as part of its domain name), *aff'd*, 565 F. App'x 900 (Fed. Cir. 2014). *See also Apollo Med. Extrusion Tech., Inc. v. Med. Extrusion Tech., Inc.*, 123 USPQ2d 1844, 1848 (TTAB 2017); *Miller v. Miller*, 105 USPQ2d

6

1615, 1618-19 (TTAB 2013); *Kistner Concrete Prods. Inc. v. Contech Arch Tech., Inc.*, 97 USPQ2d 1912, 1918 (TTAB 2011).

**D. Count Three Against Registration No. 5744284 - Fraud on the USPTO**

To properly plead a claim of fraud in the procurement or maintenance of a registration, a petitioner must sufficiently allege that 1) the respondent made a false representation (misrepresentation) to the USPTO; 2) the false representation is material to the determination of registrability (or maintenance) of a mark; 3) the respondent had knowledge of the falsity of the representation; and 4) the respondent made the representation with the intent to deceive the USPTO to issue (or maintain) the registration. *See In re Bose Corp.*, 580 F.3d 1240, 91 USPQ2d 1938, 1941 (Fed. Cir. 2009). The circumstances constituting fraud must be alleged "with particularity"; however, knowledge and intent may be alleged "generally." Fed. R. Civ. P. 9(b).[6] A pleading that simply alleges the substantive elements of fraud, without setting forth the particularized factual bases for the allegations, does not satisfy Fed. R. Civ. P. 9(b). *See Petroleos Mexicanos v. Intermix S.A.*, 97 USPQ2d 1403, 1407 (TTAB 2010),

---

[6] All claims of fraud on the USPTO carry a heavy burden of proof, as "the very nature of the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *See In re Bose Corp.*, 91 USPQ2d at 1941 (quoting *Smith Int'l, Inc. v. Olin Corp.*, 209 USPQ 1033, 1044 (TTAB 1981)). *See also Giant Food, Inc. v. Standard Terry Mills, Inc.*, 229 USPQ 955, 962 (TTAB 1986). Moreover, under some circumstances a claim of fraud based on a declaration under Section 2(f) is difficult to prove inasmuch as the declarant's use does not have to be exclusive, and allows for use by others which may be inconsequential or infringing. *See L.D. Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349, 52 USPQ2d 1307, 1309 (Fed. Cir. 1999) ("substantially exclusive" allows for inconsequential or infringing uses). S*ee also Marshall Field & Co. v. Mrs. Fields Cookies*, 11 USPQ2d 1355, 1358 (TTAB 1989) (acknowledging that fraud based on a Section 2(f) affidavit statement of substantially exclusive use of mark in commerce is difficult to prove).

citing *Asian and W. Classics B.V. v. Selkow*, 92 USPQ2d 1478, 1478 (TTAB 2009)

(elements of fraud must be pleaded with particularity).

In the petition, Petitioner alleges, in pertinent part:

> Registrant committed fraud on the USPTO by stating under oath in its application that its Doctor Disability Mark "has become distinctive of the goods/services as evidenced by the ownership on the Principal Register for the same mark for sufficiently similar goods/services of active U.S. Registration No(s). 3085018."

> This statement was false and misleading because, at that time, Registrant had already abandoned and ceased using, and/or had made a conscious decision to abandon and cease using (the mark in Registration No. 3085018) in commerce.

> Registrant further misrepresented that its Doctor Disability Mark "has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement."

> That statement is false and misleading because Registrant did not use the Doctor Disability Mark in commerce for five years preceding the date the application was made.

> Registrant also committed fraud on the USPTO by stating under oath that the date of first use of the Doctor Disability Mark was "at least as early as 02/05/2004."

> This statement was false and misleading because Registrant has not used the Doctor Disability Mark in commerce or anywhere since February 2004 and only started to use the Doctor Disability Mark after it abandoned using its Stethoscope Mark at or around the time it submitted its application for the Doctor Disability Mark.

> Registrant committed fraud by not disclosing to the USPTO that Registrant ceased, discontinued, and abandoned its use of the Stethoscope Mark, upon which it relied in obtaining a registration for the Doctor Disability Mark, and that Registrant only began using the Doctor Disability Mark long after February 2004.

> The foregoing statements and representations were made with the intent to induce authorized agents of the USPTO to grant said registration including the examining attorney, and reasonably relying upon the truth of said false statements, the USPTO did, in fact grant said registration.
>
> The foregoing misrepresentations concern facts that are material to the application and the USPTO's decision to issue a trademark registration.
>
> Registrant knowingly made the foregoing false, material misrepresentations of fact in connection with his application with the intent to deceive the USPTO.

1 TTABVUE 10-12.

Here, Petitioner set forth these allegations with sufficient factual particularity to meet the Fed. R. Civ. P. 9(b) standard. Its core allegation is that Respondent, in his underlying use-based application, made a material misrepresentation in attesting that the mark DOCTOR DISABILITY had acquired distinctiveness for use in connection with the identified services. Specifically, Petitioner alleges that when Respondent filed his application alleging a claim of acquired distinctiveness based on Registration No. 3085018 and based on five years' use: 1) he had abandoned and ceased using the Stethoscope Mark in Registration No. 3085018 in commerce and thus had not used the DOCTOR DISABILITY mark in commerce for five years preceding the declaration date (application date); 2) his sworn statement attesting to substantially exclusive and continuous use of the mark DOCTOR DISABILITY in commerce for at least the five years immediately before the date of his sworn declaration of use (*i.e.*, date of application) was therefore false; and 3) the false statement was material to the determination of registrability of the mark DOCTOR DISABILITY. 1 TTABVUE 10.

In his motion to dismiss, Respondent challenges the materiality of the alleged misrepresentation. Respondent's position is that Petitioner:

> has not alleged any facts or misrepresentations that would have been material to the registration of Defendant's marks. In essence, the misrepresentations asserted by Plaintiff had no bearing on the Examiners' decisions to issue the registrations at issue.

11 TTABVUE 4. Respondent does not explain further why it believes that the claim under section 2(f) "had no bearing" on allowance of the registrations.

With respect to claims of fraud in obtaining a registration, the materiality of any statement made in an application is determined in the context of whether the statement is critical to the examining attorney's decision to approve a mark for publication. *See Standard Knitting, Ltd. v. Toyota Jidosha K. K.,* 77 USPQ2d 1917, 1926 (TTAB 2006). Indeed, "where a statement requesting registration under § 2(f) and the evidence submitted to establish acquired distinctiveness are in the application when filed, the § 2(f) statement and proof are supported by the verification of the application." TRADEMARK MANUAL OF EXAMINING PROCEDURE ("TMEP") § 1212.07 (2018). *See also Alcatraz Media Inc. v. Chesapeake Marine Tours Inc., dba Watermark Cruises,* 107 USPQ2d 1750, 1767 (claim of fraud based on respondent's purportedly false averments in the Section 2(f) declaration that the mark had acquired distinctiveness through substantially exclusive and continuous use in commerce for at least the five years immediately before the date of the statement.).

Here, Respondent attested to a claim of acquired distinctiveness under oath in his application. An applicant may include in its application a claim of acquired distinctiveness. When an applicant does this, the examining attorney can either

accept the 2(f) claim or inform the applicant that it is not necessary (because the examining attorney believes the mark is inherently distinctive). This is discussed in TMEP § 1212.02(d):

> If the applicant specifically requests registration under § 2(f), but the examining attorney considers the entire mark to be inherently distinctive and the claim of acquired distinctiveness to be unnecessary, the examining attorney must so inform the applicant and inquire whether the applicant wishes to delete the statement or to rely on it. … In this situation, if it is necessary to issue an Office action about another matter, the examining attorney must state in the Office action that the § 2(f) claim appears to be unnecessary, and inquire as to whether the applicant wants to withdraw it. … If the applicant specifically requests registration of the entire mark under §2(f), but the examining attorney believes that part of the mark is inherently distinctive, the examining attorney should give the applicant the option of limiting the §2(f) claim to the matter that is not inherently distinctive, if otherwise appropriate. … However, if the applicant wishes, a claim of acquired distinctiveness under §2(f) may be made as to an entire mark or phrase that contains both inherently distinctive matter and matter that is not inherently distinctive. *In re Del E. Webb Corp.*, 16 USPQ2d 1232, 1234 (TTAB 1990).

Here, the examining attorney did not issue a refusal to register, and did not issue an inquiry to Respondent regarding his acquired distinctiveness claim.[7] Thus, the application record reflects, and on review of the record the Board may presume, that the examining attorney found the claim of acquired distinctiveness to be necessary to the determination that the mark was registrable, and that the examining attorney relied on the truth of the claim that the mark DOCTOR DISABILITY had acquired distinctiveness. It follows that Respondent's claim of acquired distinctiveness was

---

[7] In examination, the examining attorney required, and entered by examiner's amendment, the disclaimer of DISABILITY.

material to the determination of registrability. For these reasons, Respondent's position that the claim "had no bearing on" the question of registrability is untenable.

Thus, a plaintiff may base a well-pleaded fraud claim against a registration obtained pursuant to Trademark Act Section 2(f) on an alleged false representation made in or as part of the claim of acquired distinctiveness in support of the application for registration under Section 2(f), even if that claim of acquired distinctiveness was not submitted in response to a refusal to register.[8]

Accordingly, Petitioner states a claim of fraud on the USPTO.[9]

### E. Count Four Against Registration No. 5744284 - Likelihood of Confusion

To state a claim under Trademark Act Section 2(d), a plaintiff must sufficiently allege, in addition to entitlement to a statutory cause of action, that 1) it has

---

[8] The issue of acquired distinctiveness is a question of fact. *See In re Loew's Theatres, Inc.*, 769 F.2d 764, 226 USPQ 865, 869 (Fed. Cir. 1985). Thus, matters that go to the issue are within the scope of discovery in this proceeding.

For completeness, and to focus discovery on what is properly pleaded, Petitioner's allegations in ¶¶ 37-38 that Respondent attested to a date of first use which was incorrect cannot alone form the basis for a claim of fraud on the USPTO. *See Hiraga v. Arena*, 90 USPQ2d 1102, 1107 (TTAB 2009) (if the mark was in use in commerce as of the filing date, then the claimed date of first use, even if false, does not constitute fraud because the first use date is not material to the Office's decision to approve a mark for publication). Furthermore, the allegations in ¶¶ 40-41 regarding Respondent's alleged knowledge of Petitioner's use do not properly plead a claim of fraud on the USPTO. *See Qualcomm Inc. v. FLO Corp.*, 93 USPQ2d 1768, 1770 (TTAB 2010); *Ohio State Univ. v. Ohio Univ.*, 51 USPQ2d 1289, 1293 (TTAB 1999); *Intellimedia Sports Inc. v. Intellimedia Corp.*, 43 USPQ2d 1203, 1205-06 (TTAB 1997).

[9] In an application to register a mark, an applicant may submit one or more statements in support thereof. Such statements often aid examining attorneys in determining registrability. This decision only addresses fraud claims wherein the plaintiff alleges that a misrepresentation was made when an applicant attested to a Section 2(f) claim of acquired distinctiveness.

proprietary rights from a prior registration, prior trademark or service mark use, prior use as a trade name, prior use analogous to trademark or service mark use, or any other use sufficient to establish proprietary rights, and 2) the contemporaneous uses of the parties' respective marks on or in connection with their respective goods and services would be likely to cause confusion, mistake or to deceive consumers as to the source of the goods and services. *See Herbko Int'l., Inc., v. Kappa Books, Inc.*, 308 F.3d 1156, 64 USPQ2d 1375, 1378 (Fed. Cir. 2002); *Hornblower & Weeks, Inc. v. Hornblower & Weeks, Inc.*, 60 USPQ2d 1733, 1735 (TTAB 2001).

When not relying on a prior registration, to plead priority on a Section 2(d) claim, a plaintiff must allege that, vis-à-vis the other party, it owns "a mark or trade name previously used in the United States by another and not abandoned...." Trademark Act Section 2(d), 15 U.S.C. § 1052(d). *See also* TBMP § 309.03(c)(2). Here, Petitioner alleges prior common law service mark rights as set forth above in the discussion of its entitlement to a statutory cause of action.

Respondent argues that Petitioner "claims priority of the use of its mark to November 2015" but cannot establish priority inasmuch as Respondent "has constructive priority under 15 U.S.C. § 1057(c) because of the registration of the Stethoscope Mark in 2006." He argues that his Registration No. 5744284 "is also allowed this priority due to the tacking of the mark to [his] prior mark," citing *Van Dyne-Crotty, Inc. v. Wear-Guard Corp.*, 926 F.2d 1156, 17 USPQ2d 1866, 1868 (Fed. Cir. 1991) (whether prior use of one mark can be tacked on to that of other mark

depends on whether the marks create the same, continuing commercial impression, and marks must be legal equivalents). 11 TTABVUE 4-5.

Respondent's argument that the theory of tacking applies in this case to preclude Petitioner from alleging priority is premature. A Fed. R. Civ. P. 12(b)(6) motion is a test solely of the legal sufficiency of the allegations in the pleading, not the merits thereof. To the extent Respondent presents the tacking doctrine and lays out how it precludes Petitioner from establishing priority, his arguments are inapposite to his motion. Moreover, Respondent must properly plead tacking — a stage of the case that has not yet occurred because Respondent filed this Rule 12(b)(6) motion in lieu of an answer. *See Productos Lacteos Tocumbo S.A. de C.V. v. Paleteria La Michoacana, Inc.*, 98 USPQ2d 1921, 1926 (TTAB 2011) (defense of tacking must be pleaded), *aff'd* 188 F. Supp. 3d 22 (D.D.C. 2016), *aff'd,* 743 F. App'x 457, 128 USPQ2d 1172 (D.C. Cir. 2018). Once pleaded, whether he can establish the stringent elements of tacking, as well as any related issues that may form the foundation for the doctrine, are matters for discovery and proof at trial. *See generally Hana Fin., Inc. v. Hana Bank*, 135 S. Ct. 907, 113 USPQ2d 1365, *3 (2015) (tacking is a factual determination).

As to the likelihood of confusion element of a claim under Section 2(d), Petitioner also alleges:

> Registrant's Doctor Disability Mark is confusingly similar to Petitioner's DrDisabilityQuotes.com Mark and results in a likelihood of confusion [i]n [sic] the marketplace.

1 TTABVUE 13. By way of this allegation, Petitioner sufficiently pleads the likelihood of confusion element of the claim.

Accordingly, Petitioner sufficiently pleads a claim of likelihood of confusion pursuant to Trademark Act Section 2(d).

**Decision**

In view of the findings that Petitioner sufficiently alleges its entitlement to a statutory cause of action, as well as grounds for cancellation of Registration No. 5744284 in counts three and four, Respondent's motion to dismiss for failure to state a claim is **denied**.

**Answer Due**

Respondent is allowed until **thirty days from the date of this order** to file and serve an answer to the petition to cancel. Trademark Rule 2.114(b)(1); TBMP § 311.01(c)-311.02.

**Schedule**

Proceedings are resumed. Discovery and trial dates are reset as indicated below:

| | |
|---|---|
| Deadline for Discovery Conference | 5/6/2021 |
| Discovery Opens | 5/6/2021 |
| Initial Disclosures Due | 6/5/2021 |
| Expert Disclosures Due | 10/3/2021 |
| Discovery Closes | 11/2/2021 |
| Plaintiff's Pretrial Disclosures Due | 12/17/2021 |
| Plaintiff's 30-day Trial Period Ends | 1/31/2022 |
| Defendant's Pretrial Disclosures Due | 2/15/2022 |
| Defendant's 30-day Trial Period Ends | 4/1/2022 |
| Plaintiff's Rebuttal Disclosures Due | 4/16/2022 |
| Plaintiff's 15-day Rebuttal Period Ends | 5/16/2022 |
| Plaintiff's Opening Brief Due | 7/15/2022 |
| Defendant's Brief Due | 8/14/2022 |
| Plaintiff's Reply Brief Due | 8/29/2022 |
| Request for Oral Hearing (optional) Due | 9/8/2022 |

Generally, the Federal Rules of Evidence, Federal Rules of Civil Procedure and Trademark Rules of Practice apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, matters in evidence, the manner and timing of taking testimony, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).

It is the responsibility of each party to ensure that the Board has the party's current correspondence address, including an email address. *See* TBMP § 117.07. The Board must be promptly notified of any address or email address changes for the parties or their attorneys.